No. 5.—JAMES EDMONDSON, plaintiff in error, vs. MALCOLM D. JONES and another, defendants in error.

[1.] In a bill filed to rectify a written agreement, an injunction appendant thereto, will not be retained when the answer positively denies every allegation outside of the agreement, and there is no equity springing out of the contract as drawn.

Motion to dissolve Injunction. Decided by Judge TRIPPE, at Chambers, March 30th, 1850.

Malcolm D. Jones recovered a judgment against James Edmondson and others, as sureties, for $2100. Edmondson was about to appeal, with a view to enter his defence, that the consideration of the notes was the purchase of a lot of land, and that Jones had failed to produce a perfect title, when the following agreement was entered into :

"It is agreed between the parties, plaintiff and defendant, that this judgment be stayed until the 1st day of next August, and if one half of the principal and interest be paid on or before that date, that the other half of the principal and interest be stayed until the first day of February next; otherwise, the execution is to issue for the whole amount of principal and interest and cost, on the first day of August next; and it is further agreed, that if a full chain of title is not produced to the defendant, James Edmondson, to the property for which the notes were given, which are the foundation of the judgment, that the said Edmondson is not barred from any legal or equitable right to compel the payees of said notes to procure a full chain of title to said Edmondson." This

agreement was signed by Alexander and Trammell, as plaintiff's Attorneys, and by the defendants, personally. The *first* instalment was paid. The *second* was not, and execution was issued for the balance.

Edmondson filed a bill, charging the foregoing facts; and farther, that it was the understanding that Edmondson was not to pay the whole of the money until he should get a complete chain of title; and if he did not get it, he was to be placed back in the position he was in the Superior Court, which understanding Mr. Trammell was to have included in this written agreement; that no such chain of title had been presented to him, though he had repeatedly offered to pay, if perfect titles were made to him; that he had sold off portions of the land, and valuable improvements had been made thereon; that the residence of the payees in the note he did not know precisely, and he never would have given up his right of appeal had he not supposed the agreement protected him. The prayer was for an injunction until titles were made.

The answer of Malcolm D. Jones denied, positively, any agreement or promise to make a perfect chain of title, but insisted that complainant, when he purchased, knew of the absence of one link in the chain; that he made and delivered to complainant a warranty deed to the land, and is able to respond to any breach of the warranty ; that complainant had no defence whatever to the said notes, and if he had appealed it would have been simply for delay ; that he knows nothing of the agreement between him and Mr. Trammell, and denied Mr. T's authority to make any such agreement. He denied all the other facts charged in the bill, as to the understanding, &c. and insisted that he had fully complied with every agreement made.

The answer of Trammell denied all agreements or understanding outside of the written agreement, and insisted that the writing fully expressed the intention of the parties.

Upon the coming in of the answers, the Court dissolved the injunction, and this decision is assigned as error.

Edmondson *vs.* Jones and another.

WRIGHT, for plaintiff in error.

UNDERWOOD, represented by HULL, for defendants in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] Was the Court right in dissolving the injunction in this case ?

The answer to this question depends entirely upon the construction to be put upon the agreement between Mr. Trammell, as Counsel for Malcolm D. Jones, and James Edmondson, the complainant in the bill and the defendant in the Court below ; for every allegation as to any stipulation not contained in the writing, is positively denied by the answer of both defendants ; and especially by Trammel, who, as the Attorney of Jones, is charged to have made the agreement.

Does the instrument itself, then, make the production of a complete chain of title a condition precedent to the payment of the judgment ? It speaks for itself. It is not even insisted that it does. It only says, that if this complete chain of title is not forthcoming, that Edmondson shall not be barred of any right, legal or equitable, which he may have to coerce Mr. Jones to produce this chain. That right he is now seeking to enforce.

But we see no error in dissolving the injunction in the meantime, especially as it is not pretended that Jones is not abundantly able to respond to any decree which may be rendered against him upon the final hearing of the bill. If the fact set forth in the answer, as to the knowledge of Edmondson of the defect in the title before he purchased, and his taking a warranty deed to protect him against it, be sustained by the proof, it will be difficult for the complainant to get relief, making no offer to rescind the contract, and there being no eviction, actual or threatened. Is he entitled to any ?